[Criminal No. 894. Filed October 22, 1940.]

[106 Pac. (2d) 487.]

J. J. TATE, Appellant, v. THE STATE OF ARI-
ZONA, Respondent.

Mr. V. L. Hash, for Appellant.

Mr. Joe Conway, Attorney General, Mr. Albert M. Garcia, Assistant Attorney General, Mr. Richard F. Harless, County Attorney, and Mr. Fred C. Struckmeyer, Jr., Deputy County Attorney, for Respondent.

ROSS, C. J.—The appellant was informed against for the crime of obtaining money from another, with intent to cheat and defraud, by means of a false and bogus check, and from a judgment of conviction he has appealed. He lists the grounds of his appeal: (1) the refusal of the court to direct a verdict in his favor; (2) the giving of an erroneous instruction; and (3) the insufficiency of the verdict to support the judgment of conviction.

■ The evidence in support of the charge is overwhelming. It shows beyond any doubt that appellant committed the offense with which he is charged. The motion for an instructed verdict was properly denied.

■■ The information was drawn under section 4790, Revised Code of 1928, which provides, among other things, that any person who, with intent to cheat and defraud, shall obtain from another person any money by means of any false or bogus check shall be guilty of a felony. The information sufficiently charged the offense as described in the statute. The appellant contends, however, that the verdict, to be good, should be as broad and explicit as the information and that if it omits any of the elements of the crime it is bad. This contention, we apprehend, is correct under the law. The verdict is as follows:

"We, the jury, . . . do find the defendant guilty of obtaining money by means of a bogus check, a felony." It is seen the verdict omits, in terms, to find appellant obtained the money "with intent to cheat and defraud." Sec. 4790, *supra*. Whether that was neces-

sary depends upon the character of the verdict. If it be regarded as a special verdict, or a verdict presenting "the conclusions of fact as established by the evidence," section 5085, Id., the ingredient of intent should have been found; but, if the verdict is a general one, it contains all the elements of the offense charged. In *Holder* v. *State*, 31 Ariz. 357, 253 Pac. 629, we held that under our laws a verdict like the one here is a general verdict and sufficient to support a judgment of conviction, overruling *Kimball* v. *Territory*, 13 Ariz. 310, 115 Pac. 70, upon which appellant relies. The reasons for so holding are fully set forth in the Holder case and will not be repeated, but we think they are sound and convincing.

■ The instruction, to which exception is taken, if viewed alone, in omitting the element of intent, is no doubt bad. It is as follows:

"You are further instructed that if from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant J. J. Tate did not have an account in the First National Bank of Arizona, at Phoenix, Arizona, or in any bank, then you are instructed you will find this defendant guilty. . . . "

But this statement must be treated as only a small portion of the instructions. Immediately following it, the court said:

"On the other hand, gentlemen, the converse of that proposition is that if you do not find that the defendant committed the offense in manner and form as set out in the information, then your duty will be to acquit."

Also, the allegation in the information of the element of intent to cheat and defraud was read to the jury as a component part of the offense. Also, the jury was told that in every crime there must exist a union or joint operation of act and intent and that

"the burden is upon the state to prove to you beyond a reasonable doubt the truth of every material allegation set forth in the information before you are justified in returning a verdict of guilty."

██ Instructions must be read, considered and applied as a whole, and if as a whole they are free from error the court will not reverse for some isolated paragraph or portion which, standing alone, might be misleading. This has been the rule in this jurisdiction from very early days. *United States* v. *Tenney,* 2 Ariz. 127, 11 Pac. 472; *Lenord* v. *State,* 15 Ariz. 137, 137 Pac. 412; *Lee* v. *State,* 27 Ariz. 52, 229 Pac. 939; *Macias* v. *State,* 39 Ariz. 303, 6 Pac. (2d) 423; *Davis* v. *State,* 41 Ariz. 12, 15 Pac. (2d) 242; *Viliborghi* v. *State,* 45 Ariz. 275, 43 Pac. (2d) 210.

We do not feel that the jury was, or could have been, misled by the erroneous portion of the instructions pointed out by appellant. The jury, under all the instructions, no doubt regarded intent to cheat and defraud an element of the offense and realized that before they could convict they should find defendant had such intent.

For the reasons above given, we think the judgment should be affirmed, and it is.

LOCKWOOD and McALISTER, JJ., concur.