442 P.2d 544

STATE of Arizona, Appellee,

v.

Robert NORGARD, Appellant.

No. 1823.

Supreme Court of Arizona,
In Banc.

June 20, 1968.

Darrell F. Smith, Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, Grant Laney, Deputy Public Defender, for appellant.

McFARLAND, Chief Justice:

· Defendant, Robert Norgard, was tried and found guilty of second-degree burglary (with a prior conviction), and was sentenced to serve a term of not less than six years nor more than six and a half

years in the Arizona State Prison. From the judgment and conviction defendant appeals.

The facts disclose that during the day of January 30, 1967, the Phoenix home of Mr. and Mrs. John Davis was broken into and ransacked—leaving the interior of their abode in a state of disarray. Several items of personal property were missing. Neither Mr. nor Mrs. Davis was at home at the time the house was broken into. Mrs. Davis left home shortly after ten o'clock a. m., and, as she was backing out of the driveway, she observed a car described as "a bright metallic, kind of green" color with three Caucasian men in it. At about 10:30 a. m. Mrs. Glenn Kunau, a neighbor, drove up to the curb of the Davis's house and parked. As Mrs. Kunau pulled up to the house she saw a new-model Chevrolet, "bright bluish-green in color," parked in the carport between the house and the storage room. As she got out of her car and started toward the house she saw a man in the carport come out of the storage room and walk to the kitchen door. Mrs. Kunau testified that when the man looked up and saw her "He jumped in the car real fast and just backed out as far as he could and took off." Because of the unusually hurried manner in which the man left the premises, Mrs. Kunau's suspicions were aroused, and she wrote down the license number of his car. The police showed Mrs. Kunau five or six pictures shortly after the burglary, and she identified one of the men in the pictures as being the same man as she had seen in the carport. She was not positive or certain about the identification from the pictures, but thought there was some resemblance. The police later brought Mrs. Kunau two or three other pictures and she picked one of those, claiming it was a better likeness of the man she had seen in the Davis carport. Both pictures selected were of defendant Robert Norgard. During the trial Mrs. Kunau positively identified defendant as the man she had seen in the carport of the Davis home the morning of the burglary.

Another witness for the state, Richard Polick who was the manager of a car-rental agency, testified that defendant, Robert Norgard, had rented a 1967 Chevrolet Impala, turquoise in color, from him on December 12, 1966. This rental car bore the same license plate number as the one Mrs. Kunau took from the car she observed in the Davis carport the day of the burglary. Mr. Polick testified that on the five or six occasions defendant came in to make various payments for the rental of the car, defendant had been alone in the rented car each time. Several days after the burglary, the rental car, having been abandoned, was picked up in Chandler, Arizona, by Chandler police.

Defendant first attacks the sufficiency of the evidence to support the verdict of guilty. In particular, defendant asserts that the evidence supporting the identification of him as the person in the carport of the Davis home is insufficient and faulty.

█ In reviewing the sufficiency of the evidence to support a conviction the evidence must be viewed in light most favorable to the state, and all reasonable inferences must be resolved against defendant. In considering whether a verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. The question is whether there is competent evidence to support the conclusions found. State v. Reyes, 99 Ariz. 257, 408 P.2d 400, 14 A.L.R.3d 1262; State v. Bearden, 99 Ariz. 1, 405 P.2d 885. Although there was a lack of positiveness of Mrs. Kunau's identification of defendant from police photographs, she was positive in her identification of defendant in open court.

In State v. Dutton, 83 Ariz. 193, 318 P.2d 667, we said:

"Turning to reported cases from other jurisdictions it appears to be well settled that identification of a defendant, necessary to support a conviction, need only comply with the requirement of proof beyond a reasonable doubt. Uncertainty

of identifying evidence goes to its weight, rather than its admissibility.

" 'In order to sustain a conviction it is not necessary that the identification of the defendant as the perpetrator of the crime be made positively or in a manner free from inconsistencies. It is the function of the jury to pass upon the strength or weakness of the identification and the uncertainness of the witness in giving her testimony.' People v. Houser, 85 Cal.App.2d 686, 193 P.2d 937, at page 941."

■ The arguments of defendant as to the weakness of the testimony go to the question of the weight of the evidence to be given the testimony of the witnesses, all of which fall within the principles as set forth in State v. Dutton, supra. We therefore hold there was substantial evidence on which the jury could base its verdict. State v. Quintana, 92 Ariz. 308, 376 P.2d 773.

■ Secondly, defendant urges reversal because the record reflects error in the giving of instructions. The trial judge gave the following instruction:

"Now, in every criminal or public offense, there must be a union or joint operation of act *or intent of criminal negligence*. Intent or intention is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused." [Emphasis ours.]

With respect to the above instruction defendant complains that it was error to instruct as to "criminal negligence." In Riley v. State, 50 Ariz. 442, 73 P.2d 96, this Court held that the giving of that standard instruction, even though there was no evidence of criminal negligence, could not in any way have prejudiced defendant in that case. Such is the situation in the instant case.

■ In the particular instruction in the instant case, the court used the word "or" instead of the word "and" between the words *act* and *intent* and the word "of" instead of "or" between the words *intent* and *criminal*. This was clearly erroneous; however, the only question to be resolved is whether these mistakes constitute reversible error. Instructions must be considered as a whole, and no case will be reversed because of some isolated paragraph or portion of an instruction which, standing alone, might be misleading. State v. George, 95 Ariz. 366, 390 P.2d 899. And if, from an examination of instructions, they are substantially free from error, an argument on appeal predicated upon an isolated paragraph, which standing alone might be misleading, will be given no weight. State v. Evans, 88 Ariz. 364, 356 P.2d 1106.

■ In the instant case we hold that the instructions are substantially free of error, upon a reading of the instructions as a whole, and the mistakes complained of, do not warrant a reversal. The mistakes in the giving of the instructions at most constituted harmless error, and are not of the gravity to be classed as fundamental error. In addition, we might point out that the errors in the instruction were not complained of at the trial, but are being raised for the first time on appeal. We have held many times that this Court will only consider such questions as were raised at trial with respect to errors or omissions in the giving of instructions unless such claimed error is so fundamental that it is manifest the defendant did not receive a fair trial. State v. Johnson, 99 Ariz. 52, 406 P.2d 403; State v. George, supra; State v. Evans, supra.

Affirmed.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.