453 P.2d 505

**STATE of Arizona, Appellee,**
**v.**
**William Leroy FRENCH, Appellant.**
**No. 1919.**

Supreme Court of Arizona.
In Banc.
April 16, 1969.
Rehearing Denied May 20, 1969.

**360**

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Public Defender, Kenneth M. Arrick, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

The defendant, William L. French, was tried December 20, 1967, and found guilty of the crimes of Grand Theft-Auto, and Robbery, committed on September 4, 1965. On September 8, 1965, defendant was arrested near Truckee, California and entered a plea of guilty to a federal charge alleging interstate transportation of a stolen motor vehicle. The federal charge involved the same vehicle as that alleged in the Arizona auto theft charge.

The defendant was incarcerated on the federal charge and Arizona did not file a criminal complaint against him until July 25, 1967.[1] The statement of the case in appellant's opening brief recites the following: A preliminary hearing was held on August 8, 1967, and defendant was held to answer; an information was filed on August 16, 1967; a petition for Writ of

Habeas Corpus was filed on October 16, 1967, and thereafter granted.

Since October 18, 1967, when the criminal complaint initiating our present case was filed, the defendant has at each stage of the proceedings asserted a denial of his right to a speedy trial.

The evidence adduced at trial indicated that the victim, Steve Montiel, the defendant, and a Mr. Horne met at the Tivoli Bar. Thereafter, they went to Max's Bar with Horne driving Montiel's car. They then picked up a Mr. Montez and after some more drinking, started for J.D.'s in Scottsdale. Mr. Montiel passed out.

When Montiel woke up the defendant was driving and Horne and Montez were on each side of him in the rear seat. The car was driven to a deserted area where Montiel was beaten and his watch, ring, billfold and other valuables were taken, as well as the vehicle.

The defendant has presented the following questions on appeal: (1) Was the defendant deprived of his right to a speedy trial? (2) Does A.R.S. § 13–1641 bar defendant's prosecution for both grand theft-auto, and robbery? and (3) Was there sufficient evidence to sustain defendant's conviction?

Under his first question on speedy trial defendant has actually raised two issues, one constitutional and the other an interpretation of our criminal rules. Counsel hangs his hat first on Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). A close examination of that case presents no enlightenment on a situation, as here, where the state delays almost two years before any charges whatsoever are filed.

Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), comes closer to the facts in the instant case, for there the court makes it clear that a state has

---

1. There is nothing in the record before the court which antedates a criminal complaint entered October 18, 1967 except a limited reference in counsel's argument immediately prior to trial and after the trial, a reference in the defendant's motion for a new trial, and the statement of the case contained in appellant's opening brief.

the obligation to accord a prisoner in federal custody the right of speedy trial. Again however, this was a situation where the state charges had long been lodged against the defendant. The U.S. Supreme Court in Smith v. Hooey, supra, indicates that upon petitioner's demand the state has a constitutional duty to make a diligent good faith effort to bring the defendant to trial. Nothing in the record before us reflects such an effort on the part of this defendant during his federal incarceration.

[1] The court has said in State v. Burrell, 102 Ariz. 136, 426 P.2d 633 (1967), that the right to a speedy trial under the Arizona and United States Constitutions has no application until after a prosecution is commenced or an accused is held to answer. We see no reason to depart from this position.

Defendant next contends that Rule 236 of the Rules of Criminal Procedure, 17 A.R.S., has been violated because the county attorney was permitted to refile the charges after the information was dismissed for failure to bring the defendant to trial within 60 days. Rule 238 of the Rules of Criminal Procedure, 17 A.R.S. states:

Rule 238—Effect of dismissal upon subsequent prosecution.

"An order for the dismissal of the prosecution, as provided in Rule 236, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony, provided no such prosecution shall be instituted without the order of the court in which the action was pending."

■ We have pointed out that the record with regard to the alleged first information has not been made a part of the record in this case. On page 2 of appellant's reply brief we find a bald statement—"nor does the record contain an order of the judge directing the filing of a new criminal complaint." However, on page 4 of the Reporter's Transcript we find a statement made by the same counsel to the trial court: "At that time, you dismissed it for

lack of guarantee of a speedy trial with leave to refile by the county attorney's office."

It would appear that the requirements of the rule have been complied with and we find no error therein.

The defendant's next point concerns A. R.S. § 13–1641 which reads as follows:

"Different punishments for same offense; limitation and bar.

An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

We held in State v. Ballez, 102 Ariz. 174, 427 P.2d 125 (1967), that convictions based on robbery and grand theft from the person violated the foregoing statute when based on a single definite act.

However, in State v. Green, 98 Ariz. 254, 403 P.2d 809 (1965), we upheld conviction of charges of rape, burglary, unlawful mask and lewd and lascivious acts arising out of the same incident. There the court indicated that where the crimes do not have identical components and their elements are different, they do not fall within the prohibition of A.R.S. § 13–1641. We have also held that a defendant can be convicted and punished for both burglary and grand theft arising out of the same incident. State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960)

■ The elements constituting robbery and grand theft-auto, are not entirely different, nor may robbery occur without the taking of personal property. We therefore hold that the grand theft-auto conviction and sentence cannot stand. In view of the fact that the sentences imposed are concurrent it is ordered that the judgment of conviction for grand theft-auto, is vacated and the sentence set aside. No further action is required of the trial court.

The final point raised by defendant is to the sufficiency of the evidence to sus-

tain the conviction. He alleges that the evidence merely shows the presence of the defendant during the commission of the crime. We cannot agree with that interpretation of the evidence, nor do we agree that the evidence against the defendant is purely circumstantial.

Counsel contends that State v. Shantz, 98 Ariz. 200, 403 P.2d 521 (1965), supports his argument that the trial court erred in not granting the defendant's motion for a directed verdict. In that case the court was discussing a situation where the trial judge had granted a directed verdict as to the charge of first degree murder and submitted it on second degree. In the instant case there was no such action by the trial judge.

State v. Norgard, 103 Ariz. 381, 442 P.2d 544 (1968), disposes of defendant's contention in this regard. In that case we said:

"In reviewing the sufficiency of the evidence to support a conviction the evidence must be viewed in light most favorable to the state, and all reasonable inferences must be resolved against defendant. In considering whether a verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. The question is whether there is competent evidence to support the conclusions found. State v. Reyes, 99 Ariz. 257, 408 P.2d 400, 14 A.L.R.3d 1262; State v. Bearden, 99 Ariz. 1, 405 P.2d 885." 103 Ariz. at 382, 442 P.2d at 545.

Obviously the jury with proper instructions on the law decided that the following evidence was sufficient to support the conclusion that the defendant was more than a passive spectator. The defendant drove the victim's car far from the destination previously agreed upon. He stopped the car in an isolated orange grove, and the victim recognized his voice during the time when beatings were being administered and the victim's personal effects were removed. This supports the jury's finding.

Conviction affirmed as to the robbery count and reversed as to the grand theft-auto count.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.