475 P.2d 241

**STATE of Arizona, Appellee,**

v.

**Raymond W. KIDWELL, Appellant.**

**No. 2068.**

Supreme Court of Arizona,
In Division.

Oct. 8, 1970.

**258**

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Charles C. Stidham, Phoenix, for appellant.

UDALL, Justice:

Defendant Raymond W. Kidwell was convicted on two counts: (1) lewd and lascivious acts, and (2) rape. He was sentenced on May 27, 1969, to a term of from

four to five years on the first count and from ten to fifteen years on the second; the sentences were ordered to run consecutively. The trial court denied defendant's motion for judgment notwithstanding the verdict and his motion for a new trial. Several months thereafter defendant filed a second motion for a new trial, based on newly-discovered evidence; that motion was also denied. Defendant appeals from the judgment and from the denial of his motions for judgment notwithstanding the verdict and for a new trial.

Viewing the evidence in a light most favorable to the state, we have determined the facts of the case to be as follows: The criminal acts which form the basis of this action occurred early in the morning of February 14, 1969. Prosecutrix was at home with her two children, a son eleven and a daughter seven. Her husband was in Nevada on assignment with the Air Force. On the evening of February 13 the children went to bed at their customary time of 8:30 p. m. Prosecutrix stretched out on the couch to watch T.V., and sometime thereafter fell asleep. About 1:00 a. m. she was awakened by a knock on the door. She opened the door and saw a man standing outside whom she later identified as defendant Kidwell. He asked whether a particular family lived at that address; she replied that they did not and that she had no idea where they lived. Defendant then forced his way in through the door, grabbed her around the head, and threw her down against the couch. Her daughter was apparently awakened by the commotion, as she came in from the bedroom and stood crying in the living room. Defendant instructed prosecutrix to send her daughter back to bed, and stated "I have a knife, I won't hesitate to use it." Prosecutrix ushered her daughter back to bed and was then marched back into the living room by the defendant. He ordered her to take off her clothes, which she did. She said, "Please don't make the kids watch." In response he took her into the kitchen, where he required her to engage in various sexual activities culminating in the act of

sexual intercourse. He then allowed her to put on her dress and took her into the living room. He ordered her to lie on the floor and warned, "Don't you tell anybody. If you tell anybody, I will either come back, or I will send somebody back." He then left.

This case presents two questions on appeal: (1) Was there sufficient evidence to sustain defendant's conviction? (2) In denying defendant's motion for a new trial based on newly-discovered evidence, was there an abuse of discretion by the trial court?

As to the question of sufficiency of evidence, defendant first argues that the testimony of the prosecutrix was not sufficient to demonstrate lack of consent on her part to the sexual activities engaged in. Defendant was prosecuted for rape under A.R.S. § 13–611, subsec. A, par. 3, which requires that in order for the crime of rape to have occurred, the female must have been prevented from resisting "by threats of great and immediate bodily harm, accompanied by apparent power of execution". Defendant argues that the testimony of the prosecutrix is insufficient to show fear of the type that would prevent resistance or to show that there was an apparent power of execution.

We have previously held that consent induced by force or fear and intimidation does not amount to consent in law and does not prevent intercourse from being rape. State v. Denton, 101 Ariz. 455, 420 P.2d 930 (1966). The question of consent or absence thereof is a question of fact to be determined by the jury.

In reviewing the sufficiency of evidence to support a conviction, the evidence must be viewed in a light most favorable to the state, and all reasonable inferences must be resolved against defendant. In considering whether a verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. Rather, the question is whether there is competent evidence to support the conclusion found. State v. French, 104 Ariz.

359, 453 P.2d 505 (1969); State v. Norgard, 103 Ariz. 381, 442 P.2d 544 (1968).

■ It is apparent that the jury, with proper instructions on the law, decided that the evidence presented was sufficient to show an absence of consent on the part of the prosecutrix. Our review of the record leads us to conclude that there is competent evidence to support the conclusion reached by the jury.

■ The other argument by the defendant on the question of sufficiency of evidence is that the evidence overall was not sufficient to convince the jurors of the guilt of the defendant beyond a reasonable doubt, and was therefore not sufficient to justify the denial of a motion for judgment notwithstanding the verdict or the denial of a motion for a new trial.

At the trial the prosecutrix testified as to the events and circumstances surrounding the alleged criminal acts. A doctor from the county hospital testified as to his examination of the prosecutrix several hours after the rape allegedly occurred. The police officer who investigated the incident testified. Three persons acquainted with defendant Kidwell testified as to his whereabouts on the night of the alleged crime. Defendant Kidwell testified, stating in response to questioning by counsel, that he had never seen the prosecutrix before in his life, that he had never had sexual intercourse with her, and that he had not raped her on February 14, 1969. The jury observed the witnesses and heard the testimony and reached the conclusion of guilt beyond a reasonable doubt. We have carefully reviewed the record and have determined that the evidence overall is sufficient to support that conclusion.

The second question presented on appeal is whether there was an abuse of discretion by the trial court in denying defendant's motion for a new trial based on newly-discovered evidence.

■ The test we must apply has been stated by this Court to be as follows:

"On an appeal from an order denying a new trial to the defendant in a criminal case, the matter is largely one of discretion with the trial court, and the denial will not be grounds for reversal unless it appears affirmatively that the court abused its discretion, and acted arbitrarily." State v. Turner, 104 Ariz. 469 at 471, 455 P.2d 443 at 445 (1969); State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965).

The trial judge who heard the defendant's motion for a new trial based on newly-discovered evidence had also presided over the trial. He had observed the witnesses and heard the testimony and instructed the jury on the law, and was therefore thoroughly familiar with all aspects of the case. The trial judge denied defendant's motion for a new trial; the only question facing us is whether in so doing he was guilty of an abuse of discretion.

During the course of the trial several items were introduced into evidence, including a wallet which purportedly belonged to the defendant and which had been found at the scene of the crime. During the trial the prosecuting attorney removed an identification card from the wallet and introduced the card into evidence. The other items which made up the contents of the wallet were not separately introduced into evidence. After the action was submitted to the jury for its consideration, the jury requested the exhibits which had been introduced in the case. All exhibits, including the wallet and its contents, were delivered to the jury.

As support for the motion for a new trial based on newly-discovered evidence, defense counsel submitted an affidavit dated October 8, 1969, consisting of a statement by a person who served as a bailiff at the trial of defendant Kidwell. The bailiff stated that sometime after the jury had concluded its deliberation, he:

"* * * overheard one of the Jurors commenting to another Juror that the Jury had considered the contents of the wallet [including] a document involving a prior sex conviction of the defendant. * * *"

The bailiff stated further that after the motion for a new trial had been made and the notice of appeal had been filed, he communicated the above information to the attorney who had been trial counsel for defendant Kidwell. The attorney subsequently contacted the bailiff and asked him to submit an affidavit, which he did. This affidavit and a supporting affidavit by the attorney were forwarded to the attorney who is representing Kidwell on appeal. They serve as the basis for his argument that the defendant's rights might have been prejudiced by the jury's alleged consideration of the document which purportedly suggested a prior sex offense, and that the defendant should therefore be granted a new trial. Rule 311(A) (2) of our Rules of Criminal Procedure, 17 A.R.S., is offered as support for this proposition; that rule provides that a new trial shall be granted if it is established that the substantial rights of the defendant have been prejudiced because the jury has received any evidence out of court.

In response to the above proposition, we first point out that the record indicates that prior to the trial, defendant's trial counsel examined the wallet and its contents. Defendant Kidwell knew, or should have known, of the presence of the document in his wallet. At the trial the defendant and his attorney had an opportunity to object to any item contained in the wallet, but apparently failed to do so. They also apparently failed to object to the sending of the exhibits to the jury. Under these circumstances, we are of the opinion that defendant's failure to object precludes him from arguing error on appeal.

In addition, we are of the opinion that the question of whether prejudice may have resulted from the jury's alleged consideration of the document out of the wallet has not been properly raised by the defendant. The statement purportedly made by one juror to another and overheard by the bailiff finds support only in the hearsay utterances set forth in the affidavit; that is, the juror purportedly made a statement which was overheard by the bailiff and the bailiff repeated that statement in his affidavit. For this reason, we do not reach the question of prejudice suggested by the affidavit, as we are of the view that the question is not properly raised in this Court. In State v. Pearson, 98 Ariz. 133, 402 P.2d 557 (1965), we cited the case of Maryland Casualty Co. v. Seattle Electric Co., 75 Wash. 430, 134 P. 1097 (1913), as authority for the proposition that:

"Whatever the breadth of the application of the rule as to the inadmissibility of the affidavits of jurors to establish their misconduct, it is almost universally held that affidavits of third persons as to unsworn statements of jurors tending to show either the fact of misconduct or its effect upon the verdict cannot be received for any purpose because they are of a purely hearsay character. '* * * Statements made by jurors not under oath, after the trial is over, are not competent evidence.' [citing cases]" 134 P. at 1099, 1100.

In Pearson we also cited the case of State v. Dalton, 158 Wash. 144, 290 P. 989 (1930), which stated that:

"The misconduct of the jury is sought to be shown by the affidavit of the attorney for the appellant, which sets forth statements which two of the jurors had made to him relative to matters that occurred in the jury room. There is no affidavit of any juror. Misconduct of the jury, if there be misconduct, based upon what occurred in the jury room, cannot be shown by the affidavit of a third person based upon hearsay. In Lindsey v. Elkins, 154 Wash. 588, 283 P. 447, 456, it is said:

" 'Unless the appellant's motion for a new trial on the ground of misconduct of the jury was supported by affidavits, the motion should have been denied. The unsworn statements of the two jurors are not sufficient to support the motion. Supporting affidavits being necessary, *do the affidavits of the attorneys reciting what they were told by a number*

*of the jurors satisfy the rule? Manifestly not.* The affidavits are nothing more than hearsay statements, and such affidavits are not sufficient to invoke the discretion of the trial court to grant a new trial.'" [Emphasis added.] 290 P. at 990.

As we mentioned above, in the present case the statement purportedly made by one juror to another and overheard by the bailiff finds support only in the hearsay utterances set forth in the affidavit. We are of the opinion, therefore, that the question of prejudice has not been properly established by the defendant.

For the reasons advanced above, we hold that the trial court did not abuse its discretion in refusing defendant's motion for a new trial based on newly-discovered evidence.

In summary: Our review of the record and of the proceedings on appeal has led us to the conclusion that (1) the evidence is sufficient to support the conclusions reached by the jury; and (2) the trial court did not abuse its discretion in refusing defendant's motion for a new trial based on newly-discovered evidence.

Judgment affirmed.

LOCKWOOD, C. J., and HAYS, J., concur.