493 P.2d 904

**STATE of Arizona, Appellee,**

v.

**Robert Junior SMITH, Appellant.**

**No. 2217.**

Supreme Court of Arizona,
In Banc.

Feb. 9, 1972.

**122**

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice:

Appellant, Robert Junior Smith, was convicted in the Superior Court of Maricopa County after trial by jury of two counts of assault with a deadly weapon in violation of A.R.S. § 13–249; he was thereafter sentenced to confinement for not less than five nor more than six years on each count, the sentence on each count to be served concurrently. A timely appeal was taken to this Court.

The evidence in the case discloses that Officer Harden of the Phoenix Police Department was dispatched to investigate a complaint of a family fight. The officer found that appellant's mother and a male friend were the cause of the disturbance. The officer attempted to bring order and separate the antagonists, and in the course of his efforts the appellant lunged at the officer with a butcher knife. A crowd was gathering, and the officer felt it necessary for help to be called. Officer Mawk was dispatched to aid Officer Harden. The officers approached the appellant to disarm him and appellant's mother managed to disarm him after which he fled the scene. Before the officers left the scene the appellant reappeared, and he slashed at Officer Mawk with the butcher knife so close as to touch the shirt of the officer. A substantial crowd was gathered, and it included small children. The officers attempted to disarm the appellant by using mace. Appellant fled the scene avoiding capture at the time. Subsequently appellant was arrested but the knife was not recovered.

Appellant's position was that the knife in question was actually a toy, and he so testified and so also did his mother.

The trial at which the appellant was convicted was a second trial. The first trial, some seven months before, had resulted in

a mistrial because of the inability of the jury to reach a verdict on either count of the Information.

Counsel for appellant urged that the trial court erred in two respects, namely: first in admitting hearsay testimony, and secondly, in giving a so-called "Voeckell instruction."

■ The first issue raised involved testimony by Officer Perez, one of the officers at the scene. He was asked by the Deputy County Attorney to state what his superior officer told him to do. Over the objection of the defense counsel Officer Perez testified:

"So he [Lieutenant Haines] said, 'Sergeant Perez, see if you can get close enough to mace him, and the other two officers that are talking to him can jump him and then we'll take him. He'll either have to—he'll either drop the knife or he'll run or he's going to—.'" (Vol. 3, pp. 60–61.)

Counsel for appellant urges that the testimony is hearsay. The State argues that the testimony is verbal acts offered to show what was done and why. Pawley v. First National Bank, 32 Ariz. 135, 256 P. 507 (1927). We need not dwell on the point because if there was error it was harmless. The other police officer witnesses all testified, at numerous times throughout the trial, that the appellant had a knife; in their opinion, it was a real one. No prejudice can possibly result from its inclusion, even assuming it was improperly admitted.

The second issue involved the giving of a so-called Voeckell instruction.

"THE COURT: Ladies and Gentlemen, the Court would ask you to please consider this one additional instruction, and it is this:

"It is eminently desirable that, if you reasonably can, you agree upon verdicts in this case. For both the State and for the Defendant the case is an important one. If you fail to agree upon a verdict, the case will have to be tried before another jury selected in the same manner and from the same source as you were chosen. There is no reason to believe that the case will ever be submitted to a jury more competent to decide it than this jury.

"Of course, by pointing out to you the desirability of reaching a verdict, the Court is not suggesting to any of you that you surrender conscientious convictions of what the truth is and of the weight and effect of all of the evidence. It does, however, wish to call to your attention that in most cases absolute certainty cannot be expected, and that while each of you must decide the case for yourself and not merely acquiese in the conclusion of your fellow jurors, you should examine the questions submitted to you with candor and frankness and with proper deference to and regard for the opinions of each other. It is your duty, after full deliberation and consideration of all the evidence, to agree upon verdicts, if you can do so without violating your individual judgment and your conscience.

"Now, at this time the Court would ask you to briefly, once again, retire to the jury room and simply discuss this additional instruction, and within a short period of time the Court would inquire, through your foreman, to determine whether or not you feel additional time would be fruitful to you of if, indeed, you feel that you are unable to reach a verdict as to one of the Counts.

"At this time, then, the Court would ask the Jury to retire once again to consider this additional instruction." (R.T. Vol. 5, pg. 44.)

■ The instruction was not objected to in the trial court, and the issue is raised for the first time on appeal. It has often been stated by this Court that questions with respect to errors or omissions in the giving of instructions can be considered only if proper objection was made at the trial. State v. Norgard, 103 Ariz. 381, 442 P.2d 544 (1968), State v. Brown, 104 Ariz. 510, 456 P.2d 368 (1969). An exception occurs

if it is manifest the defendant did not receive a fair trial, State v. Norgard, supra.

The instruction complained of by appellant was not a true or full version of the Voeckell instruction. See State v. Voeckell, 69 Ariz. 145 at 148, 210 P.2d 972 at 974 (1949). Essentially, the last paragraph of the Voeckell instruction was not given:

" ' * * * on the other hand, if a larger number of your panel are for conviction a dissenting juror should consider whether a doubt in his own mind is a reasonable one which makes no impression on the minds of so many jurors equally honest, equally intelligent with himself, who have heard the same evidence, with the same oath; and if on the other hand, the majority are for the defendant the minority should ask themselves whether they may not and ought to reasonably doubt seriously the correctness of a judgment which is not concurred in by most of those with whom they are associated, and distrust the weight and sufficiency of that evidence which fails to carry conviction to the minds of their fellow jurors' * *."

This Court has dealt with this kind of instruction before, at first approving of it, State v. Voeckell, supra; State v. Lubetkin, 78 Ariz. 91, 276 P.2d 520 (1954); State v. Craft, 85 Ariz. 143, 333 P.2d 728 (1958), but in State v. Thomas, 86 Ariz. 161, 342 P.2d 197 (1959) under the facts of that case the instruction was held to be error and the use of the instruction was condemned. The matter was again before the Court in State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960), and although the case was affirmed, the Court stated its strong disapproval of the use of the instruction.

■ The trial judge in this case modified the instruction to delete what was previously considered the most objectionable part of the instruction. He took care to avoid the appearance of anxiety for the jury to reach a verdict. There was no physical factor or pressure operating on the jury such as in State v. Thomas, supra. The jury had been deliberating some six hours when the challenged instruction was given which period included the noon hour. The case had taken two days to try. The deliberation of the jury had begun at 10:50 a. m. At 2:55 p. m. the jury was reconvened in open court to receive answers to questions asked by them through their foreman; at 3:00 p. m. they returned to their deliberations, and at 4:55 p. m. the trial court reconvened the jury and delivered the questioned instruction. The jury returned to its consideration of the case, and, at 5:45 p. m. the jury returned to open court to announce its verdict.

Under the facts of this case we feel the trial court did not overemphasize the importance of reaching a verdict and certainly in view of the time spent deliberating up to that point—six hours—no hardship was imposed; nor was there any implication that the jury would remain there until a verdict was reached. We conclude that there is no grounds to find reversible error in the giving of the instruction.

■ The challenged instruction is disapproved for future use. While less objectionable than the full Voeckell instruction, nevertheless it contains potentially objectionable material which under the proper circumstances could result in reversible error. We reaffirm our disapproval of the use of this type of instruction.

The judgment and sentence of the trial court are affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.