532 P.2d 866

**The STATE of Arizona, City Court of the City of Tucson, and Edward V. Lacambra, Chief Magistrate of City Court, Appellants,**

v.

**Arnold ORMSBY, Appellee.**

**No. 2 CA–CIV 1765.**

Court of Appeals of Arizona, Division 2.

March 18, 1975.

James D. Webb, City Atty. by John M. Sando, Asst. City Atty., Tucson, for appellants.

William G. Lane, Tucson, for appellee.

## OPINION

KRUCKER, Judge.

Appellee was charged in City Court with (1) reckless driving and (2) driving without a license. He plead guilty to the latter charge and was fined $12.00. The State then charged him with a violation of A.R.S. § 28–473, driving on a suspended or revoked license. He filed a motion to dismiss, which was denied.

Mr. Ormsby then filed a petition for special action in superior court. He alleged that the charge of driving on a suspended or revoked license was barred once he had plead guilty to the charge of driving without a license, invoking A.R.S. § 13–1641:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

The superior court agreed with his argument and granted relief, ordering the second prosecution dismissed. The sole issue on appeal is whether Ormsby's conviction of driving without a license in his possession barred a prosecution for driving while his license was suspended.

Appellants' contention is that the elements of the offense of driving with no license in possession are not identical to those of the offense of driving on a suspended or revoked license and therefore there is no double punishment problem.

A.R.S. § 28–423 sets forth the elements of the offense of driving with no license in possession:

"Every licensee shall have his operator's or chauffeur's license in his immediate possession at all times when operating a motor vehicle and shall display the same, upon demand of a justice of the peace, a police officer or a field deputy or inspector of the department. However, no person charged with violating this section shall be convicted if he produces in court or the office of the arresting officer an operator's or chauffeur's license theretofore issued to him and valid at the time of his arrest."

A.R.S. § 28–473 sets forth the elements of the offense of driving on a suspended or revoked license:

"A. Any person who drives a motor vehicle on a public highway of this state at a time when his privilege so to do is suspended or revoked is guilty of a misdemeanor punishable by imprisonment for not less than two days nor more than six months and in addition, a fine of not more than three hundred dollars."

The act or omission with which A.R.S. § 28–473 deals is clearly distinguishable from the act or omission with which A.R.S. § 28–423 deals. A.R.S. § 28–423 requires that every licensee have his license in his immediate possession when operating a motor vehicle. The statute thus requires that a person have immediate access to his driver's license when operating a motor vehicle. A.R.S. § 28–473, on the other hand, addresses itself to the privilege of driving.

This statute prohibits driving when a person's license has been suspended or revoked.

In State v. Mitchell, 106 Ariz. 492, 478 P.2d 517 (1970), A.R.S. § 13–1641 was construed as meaning that where a single act violates more than one statute, the defendant is protected against dual prosecution. However, in State v. French, 104 Ariz. 359, 453 P.2d 505 (1969), relying upon State v. Green, 98 Ariz. 254, 403 P.2d 809 (1965), the court indicated:

"[W]here the crimes do not have identical components and their elements are different, they do not fall within the prohibition of A.R.S. § 13–1641." 104 Ariz. at 361, 453 P.2d at 507.

 The two violations at issue herein do not have identical components and their elements are different. Driving without a license is established merely upon a showing that a party was operating a motor vehicle without having an operator's license in his possession. Driving while license is suspended or revoked does not require a showing that the operator of a motor vehicle did not have a license in his possession. Rather, to establish a violation of A.R.S. § 28–473, there must be a showing of the separate element of prior suspension or revocation of the operator's license. Therefore, the proscription of A.R.S. § 13–1641 does not apply.[1]

Judgment reversed with directions to dismiss the petition for special action.

HOWARD, C. J., and HATHAWAY, J., concur.

1. On double jeopardy grounds, other jurisdictions have reached the same result. *See,* State v. Handy, 74 N.J.Super. 294, 181 A. 2d 203 (1962); Lanier v. State, 226 So.2d 37 (Fla.App.1969).