767 P.2d 12
**STATE of Arizona, Appellee,**

v.

**David Michael GLOVER, Appellant.**

**No. CR–87–0312–PR.**

Supreme Court of Arizona,
En Banc.

Dec. 15, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Susanna C. Pineda, Asst. Attys. Gen., Phoenix, for appellee.

Olliphant & Cook, P.A. by S. Alan Cook, Phoenix, for appellant.

HOLOHAN, Justice.

The defendant, David Michael Glover, was tried and convicted of aggravated assault. He was sentenced to the presumptive term of 7.5 years. The trial court denied the defendant's motion for new trial. On appeal, the Court of Appeals, in a memorandum decision, affirmed the conviction. *State v. Glover*, 1 CA–CR 9708, filed Sept. 8, 1987. We granted the defendant's petition for review to decide whether the trial court erred in failing to grant the defendant's motion for a new trial because of jury misconduct.

The charge against the defendant arose out of an incident in which the defendant after consuming alcohol and prescription drugs over a number of hours, shot Robert Gillette. The victim testified that the defendant actually pointed his gun at the victim and fired it. The defendant admitted the shooting but claimed that the shooting was accidental. He stated that he was so intoxicated that he had fallen down, and dropped the gun causing it to accidently discharge.

The case was submitted to the jury. After deliberating for almost two days the jury informed the court that it was deadlocked and that there was no reasonable probability of reaching a verdict within a reasonable period of time. R.T. 10/25/85 at 2.

After a discussion with counsel, the court advised the jury "that if you have a specific question you want to address to the court, it may be appropriate for you to do that now." The jury then sent a note to the court which stated:

"Are we permitted to disqualify testimony as evidence since we believe it to be inconsistent, inaccurate and unbelievable and therefore, rely solely on the physical evidence or are we to take the lack of any credible testimony as a basis for reasonable doubt?"

ss/Kevin Taylor
Foreman

The trial court then instructed the jury that it was to be the sole judge of the credibility of witnesses, but the court also added an additional instruction dealing with the subject of jury deadlock. The instruction was similar to the instruction given in *State v. Smith*, 108 Ariz. 121, 493 P.2d 904 (1972)—an instruction which we disapproved for future use. *Id.*, 108 Ariz. at 124, 493 P.2d at 907.

The jury resumed deliberations at 4:20 p.m., and at 4:44 p.m. the jury returned a guilty verdict.

Following the trial, the defendant filed a motion for new trial supporting it with an affidavit from the foreman of the jury setting forth two instances of jury miscon-

duct. The trial court held a hearing at which the jury foreman testified.

The jury foreman testified that one of the jurors, during deliberation, stated that he had asked his wife, a person with medical training, what the effect on the defendant would be after taking the amount of prescription drugs and alcohol that the defendant said he had taken. The juror reported that his wife responded that the defendant could not have been taking the medications and the alcohol at the same period of time because he would have been dead if he had done so. R.T. 12–16–85 at 10.

The foreman also testified that the other instance of misconduct took place after the case had been submitted to them and the jury was deadlocked. A juror reported that she had consulted with someone in law enforcement concerning the effect of a hung jury, and she had been told that "In a case like this forget it. He would never be retried. He would walk out a free man." The trial judge concluded that the extraneous information did not contribute to the verdict, and he denied the motion for new trial and sentenced the defendant.

The Court of Appeals agreed with the trial court and held that: (1) the juror's receipt of extrinsic evidence, although improper, did not contribute to the verdict, and (2) the information about retrial was cured by the trial court's supplemental instruction stating:

> If you fail to agree on a verdict, the case *will have to be tried before another jury* selected in the same manner and from the same sources you were chosen. R.T. 10/25/ at 7, lines 15–17. (Emphasis supplied).

The Court of Appeals also found no reasonable possibility that the verdict was affected by the extrinsic information concerning the effect the quantity of pills and alcohol would have on the defendant. The jury had been instructed on the matters which they might consider in assessing a witness' credibility, and the evidence of defendant's intoxication was uncontested. The appellate court concluded that the juror comment was harmless error. The Court of Appeals also noted that the jury foreman was the only person to testify at the hearing, and there was no direct evidence that the other two jurors actually obtained their information from third parties. We disagree with the analysis of the Court of Appeals and vacate the decision.

## GENERAL PRINCIPLES

A fair and impartial jury is a cornerstone of the proper administration of justice. "The requirement that a jury's verdict 'must be based on the evidence developed at the trial' goes to the fundamental integrity of all that is embraced in the constitutional concept of trial by jury." *Turner v. State of Louisiana*, 379 U.S. 466, 472, 85 S.Ct. 546, 549, 13 L.Ed.2d 424 (1965). The Sixth and Fourteenth Amendment guarantee the right to counsel and to confront and cross-examine the witnesses against the accused. *See Marino v. Vasquez*, 812 F.2d 499, 505 (9th Cir.1987). When a juror receives evidence from an outside source the defendant is denied the right to confront and cross-examine his accusers about that extrinsic evidence.

Rule 24.1(c), Arizona Rules of Criminal Procedure, 17 A.R.S. provides in part that the court may grant a new trial when

> (3) A juror or jurors have been guilty of misconduct by:
>
> (i) receiving evidence not properly admitted during the trial

Although this court may not inquire into the subjective mental processes of the jurors, *see* Rule 24.1(d), Ariz.R.Crim.P., 17 A.R.S.,[1] we can review specific instances of

---

1. Rule 24.1(d) Ariz.R.Crim.P., 17 A.R.S.
   d. Admissibility of Juror Evidence to Impeach the Verdict.
   Whenever the validity of a verdict is challenged under Rule 24.1(c)(3), the court may receive the testimony or affidavit of any witness, including members of the jury, which relates to the conduct of a juror, official of the court or third person. No testimony or affidavit shall be received which inquires into the subjective motives or mental processes which led a juror to assent or dissent from the verdict.

jury misconduct of the type enumerated in Rule 24.1(c)(3).

■ When extraneous information is submitted to the jury, the defendant is entitled to a new trial unless the appellate court can conclude beyond a reasonable doubt that the extraneous information did not contribute to the verdict. *State v. Poland,* 132 Ariz. 269, 645 P.2d 784 (1982), *aff'd.,* 476 U.S. 147, 106 S.Ct. 1749, 90 L.Ed.2d 123 (1986).

## APPLICATION

■ The defendant's credibility was a pivotal issue in the case. His defense was accident. It is true that all agree that the defendant was drunk. The information, however, concerning the effect of the quantity of drugs and alcohol which the defendant said he consumed affected his credibility because the extraneous information suggested that the defendant was lying or exaggerating about the amount of drugs and alcohol he consumed. This in turn suggested that, if the defendant was lying or exaggerating about this subject, he was lying about the accidental nature of the shooting. With a proper foundation, a medical expert might have given the same opinion at trial about the effect of the quantity of drugs and alcohol would have on the defendant. However, the receipt of extrinsic information by the jury denied the defendant any ability to cross-examine, confront or explain the matter.

■ The introduction of the extraneous statement that the defendant would not be retried if the jury did not reach a verdict is also prejudicial. This type of irrelevant information may cause a juror to reach a decision for conviction, not based on the strength of the evidence, but the possibility that a person who might be guilty would go unpunished.

## THE INSTRUCTIONS

■ The Court of Appeals believed that any error in the reception by the jury of the extraneous information about the effect of a "hung jury" was cured by the instruction from the trial court that "if you fail to reach a verdict, the case will have to be retried," and the instruction that the case was to be decided from the evidence produced in court. The latter type of instruction was found not to cure the reception of extraneous information by the jury in *Poland,* 132 Ariz. at 282, 645 P.2d at 797. In *State v. McLoughlin,* 133 Ariz. 458, 652 P.2d 531 (1982), the court found that an instruction failed to cure the prejudice caused by extraneous information being given to the jury. The instruction in this case that the defendant could be retried was the very subject which the jurors received extraneous information about, and whether the instruction was sufficient to overcome the effect of the extraneous information on the jury is a matter of conjecture.

■ The Court of Appeals found that the jury foreman's testimony lacked direct proof that the two jurors actually received information from third parties. We disagree. The testimony of the foreman was sufficient to support the conclusion that the two jurors received and related information from third parties to the jury. It was the burden of the state to rebut the showing made by the defense. The state did not offer any evidence to contradict the testimony of the jury foreman. These circumstances do not reflect merely juror comment based on his or her own experience, *e.g., State v. Leonard,* 151 Ariz. 1, 725 P.2d 493 (App.1986), but it is the improper reception of extraneous information not admitted in evidence.

From our review of the record we conclude that the jurors could not reach agreement in the defendant's case. After two days of deliberation they had advised the trial judge that they were deadlocked. Under such circumstances the introduction of extraneous information into the jury room is most significant. We cannot conclude that the extraneous information did not contribute to the verdict.

One final point must be made concerning the instruction given by the trial court on jury deadlock. The instruction given by the trial court is a jury deadlock instruction which has been expressly disapproved by

this court. *State v. Smith*, 108 Ariz. 121, 124, 493 P.2d 904, 907 (1972). In *Smith*, the trial court gave an instruction which was identical in all essential respects with the instruction given in the case at bar.[2] The court held that the instruction contains "potentially objectionable material" which might constitute reversible error in certain circumstances. *Id.*, 108 Ariz. at 124, 493 P.2d at 907. The rationale for the rule is that the instruction might tend to impermissibly pressure jurors to reach a verdict.

The defendant did not object to the instruction at trial or on appeal. Ordinarily we would not consider this issue because as we have previously noted " '[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.' " *State v. Zaragoza*, 135 Ariz. 63, 66, 659 P.2d 22, 25, *cert. denied, Zaragoza v. State*, 462 U.S. 1124, 103 S.Ct. 3097, 77 L.Ed.2d 1356 (1983) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203, 212 (1977)).

██ However, we had thought that our condemnation of the instruction in *Smith* was sufficient to eliminate the further use of the instruction. Apparently we were overly optimistic. We now state in emphatic terms that the so-called "Voeckell" instruction, or "Smith modification" on jury deadlock must not be used in instructing a jury.

---

2. The instruction in *Smith* was:

It is eminently desirable that, if you reasonably can, you agree upon verdicts in this case. For both the State and for the Defendant the case is an important one. If you fail to agree upon a verdict, the case will have to be tried before another jury selected in the same manner and from the same source as you were chosen. There is no reason to believe that the case will ever be submitted to a jury more competent to decide it than this jury.

Of course, by pointing out to you the desirability of reaching a verdict, the Court is not suggesting to any of you that you surrender conscientious convictions of what the truth is and of the weight and effect of all of the evidence. It does, however, wish to call to your attention that in most cases absolute certainty cannot be expected, and that while each of you must decide the case for yourself and not merely acquiese [sic] in the conclusion of your fellow jurors, you should exam-

The decision of the Court of Appeals is vacated. The judgment of conviction is reversed, and the matter is remanded to the superior court for a new trial.

FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.

GORDON, C.J., did not participate in the determination of this matter.

ine the questions submitted to you with candor and frankness and with proper deference to and regard for the opinions of each other. It is your duty, after full deliberation and consideration of all the evidence, to agree upon verdicts, if you can do so without violating your individual judgment and your conscience.

Now, at this time, the Court would ask you to briefly, once again, retire to the jury room and simply discuss this additional instruction, and within a short period of time the Court would inquire, through your foreman, to determine whether or not you feel additional time would be fruitful to you or if, indeed, you feel that you are unable to reach a verdict as to one of the Counts.

At this time, then, the Court would ask the Jury to retire once again to consider additional instruction.

*Smith*, 108 Ariz. at 123, 493 P.2d at 906.