**UNITED STATES of America,
Appellee,**

v.

**Fiore John LUCIANO and William Dunn,
Appellants.**

**No. 9266.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 4, 1965.

Decided March 3, 1965.

Certiorari Denied June 1, 1965.

See 85 S.Ct. 1786, 1792.

Arnold M. Weiner, Baltimore, Md. (court-assigned counsel), for appellants.

Ernest J. Howard, Asst. U. S. Atty. (John C. Williams, U. S. Atty., on brief), for appellee.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

Convicted under 18 U.S.C. § 2312 of jointly transporting a Buick automobile interstate, from Chicago, Illinois to Greenville, South Carolina, knowing it to be a stolen car, Fiore John Luciano and William Dunn appeal. To overturn the judgment, Luciano assigns the insufficiency of the evidence to warrant the verdict against him, and both he and Dunn urge the absence of effective assistance of counsel as well as error in the charge of the Court. They were represented at trial by the same attorney and now argue a conflict in their interests in his hands. Error in the charge is said to have occurred in the instructions relating to the inference permitted to be drawn from the possession of the car. We affirm.

In the light most favorable to the prosecution, the evidence disclosed that the Buick had been stolen in the early morning of August 31, 1963 in Chicago. It was next seen on September 5, 1963 in Spartanburg, South Carolina as it entered a filling station along with a Pontiac and another car. Luciano, Dunn and one Herman Donta were the several drivers.

In the course of his contact with them, the station operator was told of their desire to sell the automobiles. He referred them to a local automobile dealer by the name of Squires. Luciano and Dunn took the Pontiac to Squires' home and in endeavoring to sell it to him also tendered a title certificate; unsuccessful, they then brought him the Buick from the filling station. Again Squires disappointed them. Without producing it, Dunn had added he also had a title to the Buick.

Squires then directed them to another dealer, Pitts, to whom they offered the Buick for sale. When he did not accept, they drove the car back to Squires. In response to his inquiry for a price, they quoted him $6,000.00 for both the Buick and Pontiac. Later the same day they took the two cars to Tom Bruce, operator of an automobile auction business in Greenville, South Carolina. In approaching him to buy the cars, they said they had Illinois titles for both vehicles and exhibited a title certificate to the Buick in the name of Dunn. After Bruce declined to purchase, Dunn and Luciano talked with other dealers at the auction.

One of these dealers was J. E. McIntyre. They gave him one price for the two cars, explaining that they desired a quick sale to obtain money for an early return to Chicago. Luciano and Dunn also offered the two cars at a single figure to C. O. Champion, another dealer. Dunn produced the title to the Buick in his name, but neither offer was taken.

The Buick title proved to be a forgery. Throughout their attempts to dispose of the cars, Dunn and Luciano related how they had driven all night from Chicago. Their appearance confirmed the story. Called as a witness for the Government, Donta testified that he had been with Dunn and Luciano, in a tavern in Chicago, the night before they departed. The three, he said, drove in a Pontiac operated by Dunn. Donta's testimony was evasive, conflicting and severely impeached.

However, we cannot say there was not substantial evidence to support the verdict. Luciano stresses its meagerness to establish his knowledge of the stolen character of the Buick, that he participated in its transportation, or that he was ever in possession of any car other than the Pontiac. In our view the testimony was ample to prove that he and Dunn were acting in concert.

No matter how impaired Donta's evidence, the jury had the right to believe all or so much of it as they thought proper. He put Dunn and Luciano together in Chicago. The next day they were together in Spartanburg and

Greenville with the Buick, which was conclusively proved to be a stolen car. Luciano and Dunn joined in offering both the Buick and the Pontiac for sale. Especially noteworthy is the fact that they quoted a package price. Quite clearly Luciano and Dunn were both exercising dominion over the Buick and so were in joint possession of it. Each then became subject to the principles of law applicable to the unexplained possession of recently stolen property.

These principles were outlined to the jury by the Court in plain words:

"Now, in this case, I charge you that possession of property recently stolen, if not satisfactorily explained, is a circumstance from which the jury may reasonably draw the inference and find that the person in possession knew the property had been stolen. Possession in one state of property recently stolen or an automobile recently stolen in another state, if not satisfactorily explained, is a circumstance from which the jury might reasonably infer and find in the light of the surrounding circumstances that the person in possession not only knew it to be stolen property, but also transported or caused it to be transported in interstate commerce.

\* \* \* \* \* \*

"If you find from the evidence beyond a reasonable doubt that the automobile described in the indictment, which I have read to you, was stolen and was transported in interstate commerce, as charged, and that, while recently stolen, the property was in the possession of the accused, or one or both of the accused in this case, in another state than in which it was stolen, you would be justified in drawing from these facts the inference that the automobile was transported or caused to be transported in interstate commerce by the accused—both of them or either one of them—with knowledge that it was stolen, unless possession of the recently-stolen

property by the accused in such other state is explained to the satisfaction of the jury by other facts and circumstances in evidence."

The accuracy of this exposition of the law is confirmed in Battaglia v. United States, 205 F.2d 824 (4 Cir. 1953). Appellants deny the appositeness of the instruction. The argument is that the authorized inference, on which the Court charged, was not permissible here against two defendants because the sole witness to the asportation says that only one person (unidentified) was observed taking the car from its parked position. The inference presupposes, counsel contends, that the possessor is the original thief and since the theft, according to the proof, was perpetrated by but one thief, the inference cannot stand to prove two people stole the car.

■■ However, as already noted, the appellants were placed together the night preceding their activities in South Carolina. That was several days after the initial stealing of the Buick. Either could have aided or abetted the actual taker. The inference sprang from the joint possession in Spartanburg and Greenville, September 5, 1963, irrespective of the circumstances of the theft as witnessed on August 31. The jury had the right to believe that the theft was recent and, consistently, that the possession warranted the inference. As either appellant on the evidence could be a principal or an accessory, we think the inference of guilt was imputable to both of them.

■ The conflict of interest, averred by the appellants because of their defense by the same attorney, may not be pressed as a Constitutional abridgment in the circumstances. Luciano and Dunn brought about the dual representation. More completely than anyone, the two defendants knew what facts could be developed at trial. Obviously, they preferred to join forces against the indictment. Failure of their counsel to seek a severance evinces no neglect but rather trial strategy. A common front might well have been advisable. With neither

taking the stand the prosecution could not elicit the evidence of one against the other. Moreover, inasmuch as the Government could ask for convictions either as joint principals or one the principal and the other the accessory, it is questionable whether the Court would have granted a severance.

As the assignments of error are not sustainable and we see no error in the trial, the judgments of conviction will be left undisturbed.

Affirmed.