448 P.2d 72

**STATE of Arizona, Appellee,**

v.

**Cornelio ENRIQUEZ, Appellant.**

**No. 1834.**

Supreme Court of Arizona.

In Banc.

Dec. 13, 1968.

Rehearing Denied Jan. 14, 1969.

Darrell F. Smith, then Atty. Gen., and Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, Maricopa County, by Grant Laney, Deputy Public Defender, for appellant.

UDALL, Vice Chief Justice:

On June 16, 1966, two men, Vernon Gene Jones and Matthew Kisto, entered a Scottsdale jewelry store, forced the manager and clerk into the back room at gunpoint, and proceeded to rob the store of money and diamond rings. A sum of money was also taken from the clerk's purse. With the loot in a paper bag Jones and Kisto fled through a back door and headed down the alley behind the store. Shortly after the robbers exited a police officer entered the store, and after being apprised of the preceding events, gave chase down the alley. The officer observed Jones and Kisto leave the alley and get into a 1953 Ford. Cornelio Enriquez was in the driver's seat of the Ford, attempting to start the engine. The officer approached the car and placed all three men under arrest. Shortly after the arrest the car was searched and the stolen cash and jewelry recovered.

The three men were charged with two counts of robbery and one count of assault

with a deadly weapon, and were convicted on all three counts. Enriquez was sentenced to ten to twelve years on each of the robbery counts and one to three years on the assault count, all sentenced to run concurrently. He now appeals.

As his first assignment of error Enriquez claims that he is being punished twice for the same act. A.R.S. § 13–1641 provides:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

In State v. Westbrook, 79 Ariz. 116, 285 P.2d 161, 53 A.L.R.2d 619 (1954), we construed the above statute. In that case we concluded that where one act gives rise to criminal prosecution for two separate crimes, punishment for one crime bars punishment for the other only where the two crimes have identical components.

In State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960), the defendant was convicted of burglary and grand theft. The charges were based on the act of breaking into a building and stealing a saddle. Defendant complained that he was receiving double punishment for one act. We upheld the convictions on both counts on the grounds that the two crimes have different components. The burglary was committed by merely breaking into the building with the intent to commit grand theft. To consummate theft the additional act of stealing was essential.

Robbery, A.R.S. § 13–641, and assault with a deadly weapon, A.R.S. § 13–249, differ significantly in their components in that robbery does not require the use of a deadly weapon. The fear or force element in the crime of robbery may be sup-

plied by any form of conduct on the part of the wrongdoer which is reasonably calculated to put the victim in fear and cause him to part with his property for that reason. State v. Stephens, 66 Ariz. 219, 186 P.2d 346 (1947). Thus, by electing to use a gun as his instrument of fear a robber commits the additional crime of assault with a deadly weapon.

Enriquez next contends that the evidence failed to show that he was a principal or that he had any knowledge the robbery had taken place. He contends that he was, at most, an accessory after the fact. We see no merit in the argument. The arresting officer testified that he followed Jones and Kisto until they got into the car which Enriquez was attempting to start. No struggle or discussion took place between Enriquez and the others. The evidence further showed that Enriquez was miles from his home and had no explanation for his presence in the area. No evidence was introduced by the defense to rebut the inference that Enriquez was the "getaway man."

Knowledge is proven by indirect evidence, and it is the jury that must make the ultimate decision as to guilt after being properly instructed on the applicable law. A jury so instructed has determined that Enriquez had the necessary knowledge and criminal intent and has found him guilty. We must view the evidence in the light most favorable to upholding the verdict. State v. Cravin, 96 Ariz. 346, 395 P.2d 706 (1964); State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965). It is our opinion there was sufficient evidence to support the jury's verdict.

Affirmed.

McFARLAND, C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.