Francis Xavier **KOWALEWSKI,** Jr. and Wayne Berry Critchfield, Appellants,

v.

**UNITED STATES of America,** Appellee.

No. 23901.

United States Court of Appeals Ninth Circuit.

Oct. 9, 1969.

Austin W. Crowe, Jr. (argued), of Maguire, Kester & Cosgrave, Portland, Or., for appellants.

Jack W. Wong (argued), Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Charles H. Turner, Asst. U. S. Atty., Portland, Or., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and McNICHOLS, District Judge.*

McNICHOLS, District Judge:

Appellants were convicted, after a jury trial, of interstate transportation of a stolen motor vehicle in violation of the Dyer Act. 18 U.S.C. § 2312.

This appeal presents a single question for our determination.[1] Error is predicated on the action of the trial judge in including certain language in a jury instruction after advising counsel of his intent to delete the same. It is contended that reversible error thereby resulted.

The events surrounding the challenged occurrence are undisputed. After the close of all evidence, and in conformance with Rule 30, Federal Rules of Criminal Procedure,[2] the district judge, out of the presence of the jury, provided counsel an opportunity to examine the instructions he proposed to give to the jury. Among these instructions was one requested by the prosecution which, in the form of the court intended to present it, read as follows:

"Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find in the light of surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen. Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of surrounding circumstances, shown by the evidence in the case, that the person in possession of it not only knew it was stolen, *but also participated in some way in the theft of the property.* Ordinarily, the same inferences may reasonably be drawn by false explanation of possession of recently stolen property." (Emphasis supplied)

Counsel for appellants objected to the phrase italicized above, contending that

---

* Hon. Ray McNichols, District of Idaho, sitting by designation.

1. Appellants initially cited two additional grounds of error: (1) in the admission of certain out-of-court statements made by the appellants to arresting officers and (2) in the application of the Youth Corrections Act (18 U.S.C. § 5005, et seq.) in the sentencing. Counsel for appellants conceded in the brief and at oral argument that these grounds were not well taken and not now relied on. We have, however, independently examined the record as to each ground originally presented. It is abundantly clear that neither has merit.

2. "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury."

the defendants were not charged with the theft of the automobile. Government counsel argued for retention of the language on the ground that the entire instruction was a correct statement of the law and that this court had approved the exact language. After hearing counsel, the court indicated he would not give the protested phrase.

In subsequent argument before the jury, defense counsel emphasized the fact that his clients were not charged with the stealing of the car involved.

When the time came for the court to instruct the jury as to the law governing the case, he included the phrase he had intended to omit. All parties agree, and the record makes it clear, that the inclusion of the words in question in the instruction as given was inadvertent. Apparently the trial judge simply failed to physically delete the words from the written form of instruction from which he read. Immediately after the jury had been instructed, the jurors were excused for the purpose of allowing counsel to make a record of objections in accordance with the additional provisions of Rule 30, supra (note 2). Being aware of the inadvertent inclusion of the protested language, the court addressed counsel as follows:

THE COURT: "The Court will allow exceptions to your requested instructions as allowed or modified.

"As far as the specific instructions that were given: In the one instruction concerning the inference to be drawn by the possession in the beginning of that instruction I read the lines concerning the fact that the jury could conclude that they had stolen it. In the second part of that instruction, I did omit that particular language, and after I read it, Counsel, that I recognize. Frankly, I don't believe that it's an error. You may have an exception to that."

Defense counsel merely thanked the court. No further objection to that particular instruction or any other instruction, no request for further instructions, no argument or colloquy of any kind is found in the record thereafter on this subject. No subsequent motion for a new trial was presented to the trial court.

Now, and apparently pretty much as an afterthought, appellants urge that the inclusion of the complained language was prejudicial to them. It is argued that the issue of the identity of the thief or thieves was improperly inserted into the case. Much is made of the fact that defense counsel in closing argument frequently advised the jury that his clients did not stand accused by the indictment of the theft of the automobile. Thus it is contended by misinforming counsel of his intended action, the court pulled the rug from under the defense.

Appellants present the issue relied upon in these terms:

"When a portion of a requested instruction is objected to by a party and the portion objected to is deleted by the Court at a preargument conference held under FR Crim P 30, after which the objecting party relies upon that deletion in his oral argument to the jury, is it reversible error for the Court to subsequently include the deleted portion in the instruction as given by the Court in its charge to the jury?"

Our answer must be in the negative on the facts presented by this case.

The object of Rule 30 in point here is to require the judge to inform the trial attorneys in a fair way as to the content of the proposed instructions so that they may intelligently argue the case to the jury. Wright v. United States, 339 F.2d 578 (9th Cir. 1964). It is clear that the very experienced trial judge fully disclosed, not merely the tenor of the proposed instructions, but the verbatim text. Concededly, he agreed to delete the phrase above set out and then by inadvertent action included it in the charge actually given to the jury. We are satisfied that the effect of this oversight was negligible.

In the first place, the instruction as actually given was a correct statement of the law. It is well settled in this Circuit that a jury may infer from the possession of recently stolen property that the party in possession knew the property to be stolen and participated in the theft. Corey v. United States, 305 F.2d 232 (9th Cir. 1962), cert. denied 371 U.S. 956, 83 S.Ct. 511, 9 L.Ed.2d 503, and see cases cited therein. To be sure, proof that the defendant was the actual thief is not an element of a Dyer Act offense, the essential elements being: (1) that the vehicle had been in fact stolen, (2) that the accused transported it in interstate commerce, and (3) that the accused had knowledge of the fact of the theft at the time of such transportation. Jones v. United States, 378 F.2d 340 (9th Cir. 1967). However, since proof of knowledge that a vehicle has been stolen is essential, proof tending to show that the defendant was the thief is relevant to the issue of that knowledge. An instruction to the effect that the fact of possession of a recently stolen automobile may form a basis for an inference that the possessor knew the same to have been stolen and participated in the theft is therefore proper in Dyer Act cases. Glavin v. United States, 396 F.2d 725 (9th Cir. 1968), cert. denied 393 U.S. 926, 89 S.Ct. 258, 21 L.Ed.2d 262, and see Mathes and Devitt, Federal Jury Practice and Instructions, Chapter 10, § 10.11, 1968 pocket part.

It cannot be fairly said that the insertion of the words "but also participated in some way in the theft of the property" in the instruction in question had the effect of improperly interjecting the issue of the identity of the thief or thieves into the case.

The court carefully instructed the jury as to the elements of the offense, essentially as stated above, and specifically advised the jury that proof of the identity of the actual thief was not required. He further cautioned that the jury was not to single out any one instruction alone as governing the case but was to apply the instructions as a whole.

Thusly, when counsel for appellants argued to the jury that his clients were not accused of the theft of the automobile this argument was exactly in accord with the court's subsequent instructions. We have examined the entire jury address of defense counsel and find that there was no actual conflict between what he argued the law and the issues to be and the instructions of the court on those points. The contention that the form of instruction as given under all of the circumstances of the case prejudiced the appellants is without substance.

The appellants were fairly tried and the evidence of guilt was substantial. We find no error and affirm.