UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles WILLIAMS, Defendant-
Appellant.

No. 24896.

United States Court of Appeals,
Ninth Circuit.

June 19, 1970.

Alvin S. Michaelson (argued), Los Angeles, Cal., Charles Williams, pro se, for defendant-appellant.

Howard B. Frank (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Chief, Criminal Division, Brian J. O'Neill, Asst. U. S. Atty., for plaintiff-appellee.

Before HUFSTEDLER and TRASK, Circuit Judges, and POWELL,* District Judge.

PER CURIAM:

Williams appeals from his conviction for theft from Home Savings and Loan Association in violation of 18 U.S.C. § 2113(b).

He claims that the jury was incorrectly instructed in four particulars:

First, he complains of an instruction telling the jury that it could infer Williams' participation in the theft from his unexplained possession of recently stolen property. We have frequently approved the challenged instruction (*e.g.*, Kowalewski v. United States (9th Cir. 1969) 418 F.2d 118; Corey v. United States (9th Cir. 1962) 305 F.2d 232, cert. denied (1963) 371 U.S. 956, 83 S.Ct. 511, 9 L.Ed.2d 503), and we decline to reexamine the point.

Second, he claims there was error in giving a "joint purpose" instruction. No exception was taken to the instruction, and we cannot say that the giving of it was plain error under the circumstances of his case. (White v. United States (9th Cir. 1968) 394 F.2d 49.)

Third, he urges that the failure of the court, on its own motion, to instruct the jury to treat the statements of the appellant with caution requires reversal. There is no plain error in failing to give such a cautionary instruction where, as

---

* Hon. Charles L. Powell, Chief Judge, United States District Court, Spokane, Washington, sitting by designation.

here, there was ample evidence, independent of the challenged admissions, linking Williams to the crime. (Stapleton v. United States (9th Cir. 1958) 17 Alaska 713, 260 F.2d 415.)

Fourth, he contends that the court improperly instructed the jury that it could find Williams, who had been charged with robbery, guilty of theft, a lesser included offense. The instruction was proper under the teaching of Sansone v. United States (1965) 380 U.S. 343, 350, 85 S.Ct. 1004, 13 L.Ed.2d 882. *See also* Little v. United States (9th Cir. 1969) 417 F.2d 912.

We have examined Williams' remaining contentions, and we find them without sufficient merit to warrant discussion

The judgment is affirmed.