480 P.2d 662

**The STATE of Arizona, Appellee,**

**v.**

**Jimmy Wayne RHYMES, Appellant.**

**No. 2108.**

Supreme Court of Arizona,
In Division.

Feb. 11, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Machmer, Lehman & Cantor, by Lawrence C. Cantor, Phoenix, for appellant.

UDALL, Justice:

Defendant, Jimmy Wayne Rhymes, and his alleged accomplice, Ernest Robertson, were arrested shortly after a Glendale, Arizona Circle K grocery store had been robbed of over $570.00. In their possession police found the major portion of the stolen money. Defendant pleaded not guilty and the case proceeded to trial. At the close of the state's case defendant moved for a directed verdict of acquittal on both counts: the trial court granting his motion as to the charge of assault with a deadly weapon but denying as to the charge of armed robbery. Defense counsel thereupon proceeded to call several character witnesses but defendant, himself, did not testify. The case went to the jury and defendant was convicted. The court ordered that the imposition of sentence be suspended and placed the defendant on probation for a period of five years. Defendant now appeals to this Court.

On appeal defendant has presented basically four arguments: (1) there was insufficient evidence to allow this case to go to the jury; (2) the trial court's grant of defendant's motion for directed verdict of acquittal on the assault with a deadly weapon charge necessitated that his motion also be granted as to the charge of robbery; (3) the trial court erroneously refused to charge the jury as to his requested Instructions #1, #2, #3, and #5; and (4) the trial court's instruction to the jury that defendant's unexplained possession of recently stolen property creates an inference of guilt was arbitrary and unreasonable; and constituted a comment by the court on his failure to testify in violation of his constitutional rights.

■ Defendant's first argument is that there was insufficient evidence to allow the case to go to the jury and, therefore, his motion for directed verdict of acquittal should have been granted as to the robbery charge as well. Having reviewed the record we find that the state has tendered substantial evidence in support of defendant's conviction for robbery: (1) most of the stolen money was recovered from under the driver's seat of the car which defendant was driving; (2) the defendant was arrested in the company of Ernest Robertson, who had become a prime suspect in the robbery. Robertson's wallet and a small money bag, taken from the Circle K store during the robbery, were found at the exact location where two suspects had been unsuccessfully chased by police.

Where there is substantial evidence defendant committed the offense with which he is charged the trial court has no duty to direct an acquittal. State v. Dessureault, 104 Ariz. 380 at 387, 453 P.2d 951 at 958 (1969); State v. Acosta, 101 Ariz. 127, 416 P.2d 560 (1966); State v. Silvas, 91 Ariz. 386, 372 P.2d 718 (1962). Substantial evidence has been defined by this Court to mean:

"* * * more than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached. Henzel v. Cameron, 228 Or. 452, 365 P.2d 498, 503. It is of a character which would convince an unprejudiced thinking mind of the truth of the

fact to which the evidence is directed. Grange v. Finlay, 58 Wash.2d 528, 364 P.2d 234, 235. If reasonable men may fairly differ as to whether certain evidence establishes a fact in issue then such evidence must be considered as substantial. Smith v. Schumacker, 30 Cal. App.2d 251, 85 P.2d 967, 972; Davis v. Hartley, 69 N.M. 91, 364 P.2d 349, 351." State v. Bearden, 99 Ariz. 1 at 4, 405 P. 2d 885 at 886 (1965).

In reviewing the trial court's denial of a motion for directed verdict, this Court must view the facts most strongly in favor of upholding the jury's verdict; and in reviewing the sufficiency of the evidence supporting that verdict we must view the evidence in the light most favorable to the state. State v. Harvill, 106 Ariz. 386, 476 P.2d 841 (1970); State v. French, 104 Ariz. 359, 453 P.2d 505 (1969); State v. Norgard, 103 Ariz. 381, 442 P.2d 544 (1968); State v. Acosta, supra; State v. Mangrum, 98 Ariz. 279, 403 P.2d 925 (1965). For these reasons we find this argument to be without merit.

◼ In defendant's second argument he claims that since he was not guilty of assault with a deadly weapon then it follows as a matter of law he could not be guilty of robbery. We disagree. In State v. Enriquez, 104 Ariz. 16, 448 P.2d 72 (1968), we upheld the conviction of that defendant on charges of both robbery and assault with a deadly weapon. His first claim of error was that he was being punished twice for the same act in violation of A.R. S. § 13–1641.[1] We quickly disposed of this erroneous contention and, in affirming his conviction on both counts, stated:

"Robbery, A.R.S. § 13–641, and assault with a deadly weapon, A.R.S. § 13–249, differ significantly in their components in that robbery does not require the use of a deadly weapon. The fear or force element in the crime of robbery may be supplied by any form of conduct on the part of the wrongdoer which is reasonably calculated to put the victim in fear and cause him to part with his property for that reason. State v. Stephens, 66 Ariz. 219, 186 P.2d 346 (1947). Thus, by electing to use a gun as his instrument of fear a robber commits the additional crime of assault with a deadly weapon." State v. Enriquez, supra, 104 Ariz. at 17, 448 P.2d at 73. See also State v. Mays, 105 Ariz. 47, 459 P.2d 307 (1969).

The assault with a deadly weapon was not an essential element of the robbery; nor vice versa. Defendant could have committed the assault with a deadly weapon without committing a robbery and, conversely, he could have committed the robbery without committing an assault with a deadly weapon. Testimony introduced at defendant's trial unequivocally shows that: (1) money was taken; (2) at gunpoint from the store clerk. Two separate and distinct crimes were charged and the dismissal of one charge by the trial court would not necessitate a dismissal of the other.

Defendant's third argument is based on the trial court's refusal to give his requested Instructions #1, #2, #3 and #5. These will be considered in the order submitted.

◼ Requested Instruction #1 was justifiably rejected by the trial court: it is not a correct statement of the law; nor does it fit the facts of this case. This instruction is, in a sense, representative of the other three: defendant cites no authority in support of his instructions.

◼ Defendant's Instruction #2 was given substantially as requested; except for one sentence dealing with circumstantial evidence. In essence the omitted sentence would have had the court instruct the

1. A.R.S. § 13–1641 provides:
"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

jury that it is not permitted to find defendant guilty where the state's case is based "chiefly or entirely on circumstantial evidence." Since time immemorial circumstantial evidence has been held competent in criminal cases and convictions based solely thereon have been sustained in our courts. In State v. Harvill, 106 Ariz. 386, 476 P.2d 841 (1970), we held there is no difference between the probative value of direct or circumstantial evidence. The trial court committed no error in rejecting the disputed portion of Instruction #2.

■ Requested Instruction #3 sought to instruct the jury that one who aids and abets another in a crime without knowing that a crime was being committed cannot be found guilty. While we agree with defendant that he must have had knowledge that a crime was being committed, the trial court's refusal to give his requested instruction was not error since the court had adequately instructed the jury as to the intent and knowledge required for conviction. It is not error to refuse a requested instruction, although it states a correct principle of law, if it is properly and sufficiently covered by other instructions. State v. Stinson, 105 Ariz. 174, 461 P.2d 472 (1969); State v. Michael, 103 Ariz. 46, 436 P.2d 595 (1968).

■ Requested Instruction #5 is legally unsound and, in addition, has no application to any evidence introduced in this case. We, therefore, find it to be spurious and devoid of any merit whatsoever. Furthermore, under this instruction the jury would be precluded from returning a verdict of guilty if they disbelieved any fact in the state's case which it sought to prove. Such instruction would be misleading because some of the facts which the state seeks to prove may be of little or no consequence and it may not matter whether the jury believes it or not; while others may be vital for conviction. The law is that the state must prove defendant guilty beyond a reasonable doubt and not that it must prove beyond a reasonable doubt each and every fact, whether it be trivial or essential.

■ Defendant's fourth and final argument is that the trial court erred in giving the following instruction, over his objection:

"You are instructed, ladies and gentlemen of the jury, that the actual unexplained possession of recently stolen property is a fact from which the possessor's guilt may be inferred if you further find that an explanation of such possession is inherently unlikely.

"For the defendant to be in possession of property, it must be shown: 1. That the defendant knowingly had the property. 2. That the defendant had the property under his dominion and control."

He claims this instruction is arbitrary, unreasonable, and constitutes an unconstitutional infringement of his Fifth and Fourteenth Amendment rights. He refers us to Johnson v. Bennett, 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968), as authority for the proposition that such an instruction should not have been given since "state courts cannot place any burden on the defendant to prove a defense." Actually, after the United States Supreme Court had granted certiorari in Johnson v. Bennett, supra, the Eighth Circuit Court of Appeals held in another case, Stump v. Bennett, 398 F.2d 111 (1968), that the Iowa rule shifting to defendant the burden of proving an alibi defense violates the Due Process Clause of the Fourteenth Amendment. The United States Supreme Court thereupon vacated and remanded the *Johnson* case for reconsideration in light of the Eighth Circuit's holding in Stump v. Bennett, supra. In any event the facts in that case and the facts in the present case are entirely different. In *Stump* the Eighth Circuit was called upon to rule on the constitutionality of Iowa's jury instruction relating to the defense of "alibi".[2] The Eighth Circuit

2. The Iowa trial court charged the jury, in part, as follows:

"The defendant has the burden of establishing this defense [alibi] by the

held these instructions on alibi to be unconstitutional since they shifted to defendant the burden of proving his non-presence at the scene of the crime; thereby placing on defendant a burden which traditionally lies with the state—the burden of proving that defendant was present at the scene of the crime and did, in fact, commit the crime with which he is charged.

With regard to the case at hand we are not called upon to rule on the question of a defense asserted by defendant. Rather, we are called upon to decide the effect of a charge to the jury permitting them to draw an inference of guilt from the defendant's unexplained possession of recently stolen property. This instruction was based on the fact that defendant and another were arrested within two hours after the robbery had taken place and in their possession was found the major portion of the stolen money. The questions now arise whether, under such factual setting, an inference of guilt may validly be drawn from defendant's unexplained possession of the stolen property; and whether such instruction constitutues a "comment" by the court in violation of the rule laid down in Griffin v. California, 380 U.S. 609, 85 S. Ct. 1229, 14 L.Ed.2d 106 (1965), prohibiting comment by the court on defendant's failure to testify.

We believe such inference to be constitutionally sound under the facts of this case. In Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943), the United States Supreme Court, in establishing a rule to test the validity of statutory inferences and presumptions, stated that a presumption cannot be sustained

"  *   *   * If there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from the proof of the other is arbitrary because of the lack of connection between the two in common experience." 319 U.S. at 467–468, 63 S. Ct. at 1245, 87 L.Ed. at 1524 (1943).

According to Tot there must be a "rational connection" between the fact proved and the fact inferred. In our case this means there must be a rational connection, in light of "common experience," between possession of recently stolen property and guilt. Is it unreasonable to infer guilt to a person who is caught red-handed in possession of property which was recently stolen? We believe that logical deduction and common experience dictate that guilt be inferred from such possession; especially where defendant is apprehended in possession of stolen property a mere two hours after commission of the crime.

The weight to be given such inference of guilt varies with the circumstances of the case. Normally this instruction is indulged in only where the defendant is found possessing "recently" stolen property. Here the time element, while not critical, is important. Where he is apprehended very shortly after the theft the weight given such inference would be greater than if he were caught days or even weeks later. The longer this time interval the more doubtful the inference. See Pendergrast v. United States, 135 U.S.App.D.C. 20, 416 F.2d 776 (1969); State v. DeWitt, S.C., 176 S.E.2d 143 (1970). It should also be noted that this instruction speaks in terms of an inference rather than a presumption. While not critical this can be very important to the defendant; for an inference is permissive, "being a deduction which the trier may or may not make, according to his own conclusions; a presumption is mandatory." Black's Law Dictionary, 3rd ed., at 958. In both instances, however, the burden of proving possession remains with the state and creation of the inference in no way lowers the state's burden of proof so as to constitute a violation of due process.

greater weight of the evidence bearing upon it, and before you can acquit the defendant by reason of this defense you must find that he has established it by

a preponderance or greater weight of the evidence bearing upon it." Stump v. Bennett, supra, at 115.

In State v. Fassler, 103 Ariz. 511, 446 P.2d 454 (1968), this Court had occasion to hold objectionable an instruction which was in many ways similar to the one at hand. There is, however, one difference which is crucial. In *Fassler* the instruction stated that the party who is found in possession of recently stolen property "is bound" to explain his possession in order to remove the effect of that as a circumstance to be considered by the jury. The instruction strongly implied that it was mandatory for defendant to testify and in *Fassler* the defendant, in fact, did testify in a futile attempt to remove the presumption of guilt. We held that instruction objectionable as a comment by the court on defendant's failure to testify in accordance with Griffin v. California, supra. In *Griffin* the United States Supreme Court, by reason of the Fifth Amendment's direct application to the Federal Government and its application to the states through the Fourteenth Amendment, prohibited either comment by the prosecution on the defendant's silence or instructions by the Court that such silence is evidence of guilt. To date the United States Supreme Court has refused to hold all violations of the Griffin rule to be prejudicial per se.

In looking to Federal jurisdictions for guidance we were not at all surprised to learn that the present instruction, with slight modification at the very most, has been used for countless years in cases where the defendant was caught in possession of recently stolen property. The same is true in the majority of state jurisdictions. Over the years the instruction has been attacked from every conceivable angle and in almost all jurisdictions it has withstood this onslaught unimpaired. See United States v. Williams, 428 F.2d 365 (9th Cir. 1970); Kowalewski v. United States, 418 F.2d 118 (9th Cir. 1969); Martinez v. State of Utah, 412 F.2d 853 (10th Cir. 1969); United States v. Hart, 407 F.2d 1087 (2d Cir.), cert. denied 395 U.S. 917, 89 S.Ct. 1766, 23 L.Ed.2d 231 (1969); United States v. DeSisto, 329 F.2d 929 at

935 (2d Cir.), cert. denied 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964).

In United States v. Williams, 405 F.2d 14 (1968), the Fourth Circuit upheld the constitutionality of an instruction identical in import to the one at hand. In rejecting Williams' contention that the Griffin rule had been violated it stated:

> "If the challenged inference could fairly be regarded as a comment by the prosecution on Williams' failure to testify it would indeed be invalid. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The Supreme Court and lower federal courts, however, have construed the inference as one arising from 'the absence of explanatory evidence' of any kind. Dunlop v. United States, 165 U.S. 486, 502–503, 17 S.Ct. 375, 41 L.Ed. 799 (1897); United States v. Luciano, 343 F.2d 172, 174 (4th Cir. 1965). The inference is derived from the weight of the evidence and not from the defendant's failure to take the stand. Evidence which leaves unexplained the possession of recently stolen property may give rise to an inference of guilt. The trier of fact may accept or reject the inference, which does not affect the presumption of innocence or alter in any way the prosecution's burden of proof. It represents nothing more than a rational conclusion based on circumstantial evidence, and this is not forbidden by common sense or the Constitution.[3]

> "3. Courts have consistently upheld as permissible similar inferences arising from unexplained behavior. United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); Yee Hem v. United States, 268 U.S. 178, [45 S.Ct. 470, 69 L.Ed. 904] (1925); Thomas v. United States, 372 F.2d 252 (5th Cir. 1967); United States v. Armone, 363 F.2d 385 (2 Cir. 1966); Orozco Vasquez v. United States, 344 F.2d 827 (9th Cir. 1965)."

405 F.2d at 17.

Finally, in rejecting defendant's contention, we might add that on appeal we must consider the instructions as a whole and no

case will be reversed because of some isolated paragraph or portion of an instruction which, standing alone, might be misleading; especially where the court has fully and properly instructed the jury as to all applicable aspects of the law. See State v. Norgard, 103 Ariz. 381, 442 P.2d 544 (1968); State v. George, 95 Ariz. 366, 390 P.2d 899 (1964). In dealing with a similar instruction and argument the Court of Appeals for the District of Columbia held that the questioned instruction should not be singled out and viewed in isolation; rather, it should be viewed in light of the full charge to the jury:

"[30, 31] We do, however, share appellant's concern to the extent that the court's language is susceptible to the interpretation that the inference could be avoided only if appellant's explanation met the criteria the court mentioned. While an unexplained or unsatisfactorily explained possession of freshly stolen property is prerequisite to any utilization of the inference, fundamental principles exclude the idea that the inference can be destroyed only by a wholly satisfactory explanation by the accused. For the accused has no burden of persuasion; rather, any reasonable doubt as to his guilt, however arising, demands his acquittal, whether or not there is but an unsatisfactory explanation, or indeed no explanation at all.

"On the other hand, whatever one might endeavor to read into the court's language when scrutinized apart from the remainder of the charge, we cannot view it in isolation or assume that the jury did. And when we look to the rest of the charge, we find full instructions on the presumption of innocence, the Government's comprehensive burden of proof beyond a reasonable doubt, and the jury's complete freedom to reject the inference despite the establishment of its prerequisites, including of course an unsatisfactory explanation for highly suspicious possession. Viewed in total context, then, we conclude that the single passage upon which appellant dwells could hardly have misled the jury."

[Footnotes omitted] Pendergrast v. United States, supra, 135 U.S.App.D.C. 20, 416 F.2d at 789–790.

The trial court committed no error in giving this instruction. The instructions, as a whole, were complete and fairly given. With reference to defendant's other contentions we have found that the trial court had committed no error which would require a reversal. Therefore, in accordance with the foregoing, we hereby affirm defendant's conviction.

HAYS and CAMERON, JJ., concur.