UNITED STATES of America, Appellee,

v.

Leslie ATKINSON, Appellant.

UNITED STATES of America, Appellee,

v.

William Kelly BROWN, Appellant.

UNITED STATES of America, Appellee,

v.

Monroe Lorenzo MARTIN, Jr., aka
Jimmy, Appellant.

UNITED STATES of America, Appellee,

v.

William THOMAS, Appellant.

UNITED STATES of America, Appellee,

v.

Rudolph Valentino JENNINGS,
Appellant.

UNITED STATES of America, Appellee,

v.

James McARTHUR, Appellant.

UNITED STATES of America, Appellee,

v.

Leslie Sharon Atkinson ARRINGTON,
Appellant.

UNITED STATES of America, Appellee,

v.

Michael Otis ARRINGTON, Appellant.

Nos. 76–2168 to 76–2175.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 11, 1977.

Decided Dec. 8, 1977.

John L. Pollok, New York City (Hoffman, Pollok, Mass & Gasthalter, New York City, on brief), for appellants in Nos. 76–2173, 76–2174 and 76–2175.

Wilbur C. Fuller, for appellants in Nos. 76–2169, 76–2170, 76–2171 and 76–2172.

Richard B. Mazer, San Francisco, Cal., for appellant in No. 76–2168.

Christine Witcover Dean, Asst. U. S. Atty., Raleigh, N.C., George M. Anderson, U. S. Atty., Raleigh, N.C., and Ann B. Wall (Third Year Law Student on brief), for appellees in Nos. 76–2168 through 76–2175.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and HALL, Circuit Judge.

FIELD, Senior Circuit Judge:

The eight appellants, along with six other individuals, were charged in an indictment under 21 U.S.C. § 963 with a conspiracy to import narcotics into the United States in violation of 21 U.S.C. § 952. Additionally, the appellants, Sharon Atkinson Arrington, Michael Otis Arrington and Leslie Atkinson, were charged with substantive violations of 21 U.S.C. § 841(a)(1). Following a lengthy trial the jury returned verdicts of guilty on all counts and these appeals followed.

Upon appeal counsel have assigned reversible error in sixteen respects but, primarily, they urge upon us that the representation of multiple defendants by the same trial attorney resulted in a denial of the effective assistance of counsel. The record indicates that one attorney, Stephen H. Nimocks, represented all of the defendants in their initial appearance before the magistrate. Thereafter, however, other attorneys were retained resulting in the following alignment. Appellants Atkinson and McArthur continued to be represented by Nimocks; Sharon Arrington and Michael Arrington, her husband, were represented by James C. MacRae; Monroe Martin was represented by Bobby G. Deaver; and William Thomas, Rudolph Jennings and William Brown were represented by Anthony E. Rand.

In support of their contention, counsel for appellants rely upon *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), together with two cases from this circuit, *United States v. Truglio*, 493 F.2d 574 (1974), and *Sawyer v. Brough*, 358 F.2d 70 (1966). In each of those cases, however, the record disclosed a patent conflict of interest which impaired the defendants' right to the unfettered and effective assistance of counsel. In *Glasser*, the possibility of the inconsistent interests of the two defendants was brought home to the court prior to trial, and Glasser had made it clear that he desired "the benefit of the undivided assistance of counsel of his own choice." 315 U.S. at 75, 62 S.Ct. at 467. In addition, the recital of developments during the trial in that case demonstrated that the multiple representation was prejudicial to Glasser's defense. Similarly, in *Truglio* the record confirmed the conflict and prejudice which resulted from the representation of the five defendants by one attorney; and, in *Sawyer*, we noted that the two defendants occupied "adversary and combative positions" and concluded "that it would be utterly impossible for one attorney to effectively serve both of these conflicting interests." 358 F.2d at 73.

█ Unlike those cases, counsel for appellants have failed to point out any specific conflict between the various defendants who were represented by the same counsel, but urge upon us that prejudice is inherent in such an arrangement and that the district judge should have conducted a hearing in advance of trial to determine whether any conflict existed. It is true, as the court observed in *United States v. Lovano*, 420 F.2d 769, 772 (2 Cir. 1970):

The very fact that two or more codefendants are represented by the same counsel should alert a trial judge and cause him to inquire whether the defenses to be presented in any way conflict. This is especially true where the trial judge appoints counsel for defendants under the Criminal Justice Act. (Citation omitted.)

However, the court went on to hold "that some specific instance of prejudice, some real conflict of interest, resulting from a joint representation must be shown to exist before it can be said that an appellant has been denied the effective assistance of counsel." *Id.* at 773.

█ In our opinion, the principle applied in *Lovano* is appropriate in the present case. The appellants themselves retained their counsel which resulted in the multiple representation, and they, more than anyone, including the court, were in a position to know what facts might be developed at trial. Apparently they concluded that such representation was advantageous, and it should be noted that at no time, either prior to the trial or during the course thereof,

was the issue of such multiple representation raised in any fashion. *See United States v. Luciano*, 343 F.2d 172 (4 Cir. 1965). Since we discern no conflict of interest or resultant prejudice to any of the appellants, we cannot accept their contention that they were denied the effective assistance of counsel.

We have carefully considered the remaining fifteen assignments of error and find them to be without merit.

It is a commonplace in the administration of criminal justice that the actualities of a long trial are too often given a meretricious appearance on appeal; the perspective of the living trial is lost in the search for error in a dead record. *Glasser v. United States*, 315 U.S. at 88, 62 S.Ct. at 473 (Frankfurter, J., dissenting opinion).

The convictions are affirmed.

*AFFIRMED.*