**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4231**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ISAAC A. TAFT,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (4:04-cr-00052-H)

———————

Submitted:  February 15, 2007        Decided:  March 9, 2007

———————

Before MICHAEL, SHEDD, and  DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kelly L. Greene, STUBBS & PERDUE, P.A., New Bern, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaac A. Taft ("Appellant") appeals his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. Appellant argues that the district court erred in allowing the testimony of a witness who was represented by an attorney who had previously represented Appellant in this matter. For the reasons that follow, we affirm.

I.

On August 24, 2004, Appellant was indicted on three drug related charges. The following day, the Federal Public Defender's Office assigned attorney Mark Ward to represent Appellant. On November 24, 2004, Ward filed a motion to withdraw as Appellant's counsel for various reasons not relevant here, which motion was granted six days later.

On February 9, 2005, a grand jury issued a superseding indictment against Appellant that included five drug-related charges, including the conspiracy count at issue here. Appellant pleaded guilty to four of the five counts and proceeded to trial on the conspiracy count.

Prior to trial, Appellant filed a motion to prevent the government from calling Erik Garza, an individual who had purchased drugs from Appellant, as a witness because Ward served as counsel for Garza in an unrelated criminal proceeding and had undertaken

2

that representation three weeks before withdrawing as Appellant's counsel in this matter.  The district court denied Appellant's motion.

Following a jury trial, Appellant was convicted of the conspiracy charge and sentenced to sixty months imprisonment.  This appeal followed.

II.

Appellant's sole argument on appeal is that the district court erred by allowing Garza's testimony, because the fact that he was represented by the same attorney who at one time had represented Appellant called into question the fairness and integrity of the judicial process here.  Appellant's argument implicates two distinct constitutional principles, and we address each in turn.

First, an attorney's overlapping representation of two clients can compromise the Sixth Amendment guarantee of effective assistance of counsel when it creates an actual conflict of interest.  See United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991).  To invoke this Sixth Amendment protection, a defendant must show "'some real conflict of interest . . . resulting from [the] representation.'"  United States v. Atkinson, 565 F.2d 1283, 1284 (4th Cir. 1977) (quoting United States v. Lovano, 420 F.2d 769, 772 (2d Cir. 1970)).  The mere fact of overlapping representation is insufficient to create a Sixth Amendment violation.  See id.

3

With respect to the Sixth Amendment, Appellant's argument must fail because he has offered no evidence that Ward's representation of both him and Garza created any actual conflict of interest. The overlapping representation lasted for a brief period of time, during which neither individual was involved in the same proceeding or implicated in the same criminal conduct. Indeed, Appellant's trial counsel admitted that his argument was based on the appearance of impropriety, rather than evidence of any actual conflict of interest. See J.A. 46. Accordingly, we find no Sixth Amendment violation.

Second, an attorney's overlapping representation of two clients can violate the Fifth Amendment guarantee of due process where it compromises the fundamental fairness of a defendant's trial. See United States v. Young, 644 F.2d 1008, 1012 (4th Cir. 1981). To establish such a violation, Appellant must demonstrate that Ward's conflict of interest is "of sufficient significance that it denie[d him] the right to a fair trial." United States v. Barnette, 211 F.3d 803, 818 (4th Cir. 2000). Appellant cannot make this showing because he proffers no evidence that Ward's overlapping representation had any impact on Appellant's trial, much less one that undermined its fundamental fairness. Therefore, we find no Fifth Amendment violation on these facts.

III.

For the foregoing reasons, we affirm Isaac A. Taft's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED